# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 6, 2013

Lyle W. Cayce
Clerk

No. 12-30901
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERT LITTLE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CR-189-1

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Albert Little was convicted of one count of conspiracy to possess with the intent to distribute methamphetamine, one count of aiding and abetting the possession with the intent to distribute five grams or more of methamphetamine, and two counts of use of a communication facility in furtherance of a drug-trafficking crime. He was sentenced within the guidelines range to a total of 160 months of imprisonment, to be followed by five years of supervised release. Little appeals, challenging his conviction and sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, Little argues that the district court erred in denying his motion to suppress the evidence obtained through the interception of wire communications. He contends that the affidavits in support of the search warrants, completed by Trooper Hank Haynes, failed to establish that normal investigative procedures had been tried and failed, reasonably appeared unlikely to succeed if tried, or were too dangerous to attempt.

We apply a clear-error standard when a party claims deficiencies in an affidavit supporting a wiretap application. *United States v. Kelley*, 140 F.3d 596, 604 (5th Cir. 1998). An application seeking authorization for a wiretap must state "whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c).

In the instant case, the affidavits provided extensive facts in support of the assertion that traditional investigative techniques were used but would be unlikely to be successful; therefore, the affidavits satisfied the requirements of § 2518(1)(c). Trooper Haynes detailed the investigative procedures that had been used and explained the information gained and why those methods would not prove successful in revealing the source of supply of the methamphetamine or Little's involvement in the conspiracy. He further addressed the procedures that had not been used and explained why they would not be successful. The district court did not clearly err in denying Little's motion to suppress the wiretap evidence. *See Kelley*, 140 F.3d at 604.

Little also challenges the sufficiency of the evidence presented at trial, arguing that the Government failed to establish that he possessed the requisite criminal intent as to all the charges. He asserts that the only evidence linking him to the distribution of narcotics was Thompson's testimony, which he describes as self-serving and uncorroborated.

Little moved for a judgment of acquittal at the close of the Government's case and renewed the motion after the jury verdict wherein he challenged the

evidence of criminal intent. Accordingly, he has preserved the issue for appellate review, and we review his challenge to the sufficiency of the evidence de novo. *See United States v. Ferguson,* 211 F.3d 878, 882 (5th Cir. 2000). In reviewing a challenge to the sufficiency of the evidence, we determine whether a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Lopez-Moreno*, 420 F.3d 420, 437-38 (5th Cir. 2005).

Lauralyn Thompson testified that Little knew she was dealing methamphetamine. On one occasion, Little assisted her in procuring the methamphetamine that she later sold. Additionally, Little assisted Thompson in avoiding arrest and prosecution by running computer checks on driver's licenses and license plates of persons with whom Thompson conducted drug transactions. Several recorded phone calls and text messages between Little and Thompson were introduced at trial. Thus, there was sufficient evidence of Little's criminal intent.

To the extent Little bases his sufficiency challenge on an argument that Thompson lacked credibility, it fails because "credibility of the evidence is within the exclusive province of the jury." *United States v. Johnson*, 381 F.3d 506, 508 (5th Cir. 2004). Further, a defendant's conspiracy conviction may rest on the uncorroborated testimony of a coconspirator, even if that person is testifying in exchange for leniency, as long as the witness's testimony is not incredible as a matter of law. *United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008). "Testimony is incredible as a matter of law only if it relates to the facts that the witness could not possibly have observed or to events which could not have occurred under the laws of nature." *Id.* at 309. (internal quotation marks and citation omitted). Little cannot show that Thompson's testimony was incredible as a matter of law.

Regarding his 160-month within-guidelines sentence, Little argues that the sentence is substantively unreasonable. We review the substantive

reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Little's argument that his sentence is unreasonable reflects only his disagreement with the district court's reasons and fails to show that the district court did not give proper weight to his arguments or any particular § 3553(a) factor. He fails to rebut the presumption of reasonableness that is accorded his within-guidelines sentence. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.